UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DONYALL EARL WHITE, )
)
        Petitioner, )
v. ) No. 1:10-cv-468-WTL-TAB
)
SUPERINTENDENT, Correctional )
 Industrial Facility, )
)
        Respondent. )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Donyall Earl White ("White") for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds the certificate of appealability should not issue**.**

**The Petition for Writ of Habeas Corpus**

**I.**

White challenges his convictions in Delaware County for two counts of Armed Robbery and two counts of Criminal Confinement. Evidence favorable to the jury's verdict showed that on January 26, 2003, White acted as the "watchout man" for two men who conducted a robbery of the Canteen Vending Services ("Canteen") in Muncie, Indiana. In the course of the robbery, employees of Canteen were confined in a cooler and elsewhere against their will. His convictions were affirmed on appeal in *White v. State,* No. 18A02-0308-CR-672 (Ind.Ct.App. 2004). The trial court's denial of White's petition for post-conviction relief was affirmed on appeal in *White v. State,* No. 18A04-0904-PC-00235 (Ind.Ct.App. December 22, 2009). No petition to transfer to the Indiana Supreme Court was filed with respect to either White's direct appeal or his appeal from the denial of post-conviction relief.

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). In his habeas petition, White contends that he was denied the effective assistance of counsel both at trial and in his direct appeal.

## II.

### A.

"[W]hen examining a habeas corpus petition, "the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

Procedural default is the terrain which must be traversed in the present case. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Breard v. Greene,* 118 S. Ct. 1352, 1355 (1998) (citing *Wainwright v. Sykes,* 433 U.S. 72 (1977)); see also *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"), *cert. denied,* 508 U.S. 962 (1993). "The purpose of the rules of procedural default is to ʽafford[ ] to the state courts an opportunity to correct a constitutional violation'" *Momient-El v. DeTella,* 118 F.3d 535, 541 (7th Cir. 1997)(quoting *Duckworth v. Serrano,* 454 U.S. 1, 4 (1981)).

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady,* 456 U.S. 152, 170 (1982).

### B.

White's habeas claims were asserted in his action for post-conviction relief. By not filing a petition to transfer with the Indiana Supreme Court, White committed procedural default as to these claims. This is because failing to properly seek discretionary review by the Indiana Supreme Court constitutes a procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001).

White has not acknowledged his procedural default and has not attempted to overcome the consequences of it. This precludes review of the merits of his federal habeas claims.

## C.

Even if the court reached a different conclusion with respect to the question of procedural default, White would not prevail as to this habeas claim. See *Garth v. Davis,* 470 F.3d 702 (7th Cir. 2006); *Timberlake v. Davis,* 409 F.3d 819, 821 (7th Cir. 2004) (federal habeas court examined state court's alternative ruling on the merits after determining that state's finding of procedural default was not an "independent and adequate state ground" that blocked federal collateral review).

To establish ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 684 (1984), the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Id.,* at 687. The Indiana Court of Appeals' decision regarding White's claims of ineffective assistance of counsel was not contrary to, nor did it involve an unreasonable application of, Supreme Court precedent in *Strickland*. Specifically, the Indiana Court of Appeals noted that White had not introduced the trial transcript at the petition for post-conviction relief and that his trial and appellate attorney had not testified. These circumstances prevented White from demonstrating either deficient performance or prejudice.

## III.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier White faces here, and White has failed to overcome that barrier. His habeas petition must therefore be denied. Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Mr. White has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/16/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana